UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSE CELESTIN,

        *Plaintiff*,

  v.

ONIKA MARAJ-PETTY, et al.,

        *Defendants*.

Civil Action No. 1:23-cv-3335 (CJN)

## ORDER

*Pro se* plaintiff Rose Celestin claims that she has been "the target of a[] group of celebrities, led by Nicki Manaj, who [have been] working tirelessly over the span of more than a decade to successfully sabotage [her] life." Am. Compl. ¶ 1, ECF No. 3. She has sued Manaj, along with fellow rappers Drake and Dave East and record label Cash Money Records. The Court dismisses the case for lack of subject-matter jurisdiction.

    1. Celestin's 104-page complaint details dozens of grievances and several causes of actions. One of her central claims is that Manaj, Drake, and East repeatedly defamed her. Basically, Celestin believes that many of the rappers' lyrics are about her, but, because they do not accurately describe her, are defamatory. For example, Celestin views Drake's line in the song "Round of Applause," "She could've paid tuition five times, still stripping," as being about her, but defamatory because she has never been a stripper. *Id.* ¶ 100. And she views herself as the subject of Manaj's line in "Rich Friday," "bitches be f***n' to get that money" and takes issue with the insinuation that she "perform[ed] sexual favors to get ahead." *Id.* ¶ 121.

1

Celestin also claims that she is the "victim of criminal espionage where she has been placed against her will under perpetual unlawful surveillance." *Id.* ¶ 2.  The proof:  Celestin "has never met nor personally know[n] Drake or Nicki Manaj," so the only way they could know enough about her to write lyrics specific to her is via espionage.  *Id.* ¶ 126.  For instance, when Manaj said "got a big house, I can play some tennis," Celestin claims that the rapper was "referring to [Celestin's] history as a tennis player" (Celestin plays tennis "as a frequent hobby").  *Id.* ¶ 129.  But, Celestin says, "[t]here was no way for Nicki Manaj to know this detail of [Celestin's] private life," leading to the "deduc[tion] that Nicki Manaj used means of espionage to acquire that intel." *Id.*  Celestin further alleges that the defendants have leveraged this surveillance to sabotage her life at every turn.  For example, Celestin blames Manaj for Amazon giving her a $125,000 instead of $200,000 salary offer—an offer that was a "slap in the face" given Celestin's "captivating personality and admirable achievements."  *Id.* ¶¶ 1, 242, 249.  The evidence:  Manaj referenced "Texting with Jeff Bezos" in the song "Blick Blick."  *Id.* ¶¶ 242, 249.

2. The Court cannot exercise subject-matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." (cleaned up)); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).  "While *pro se* complaints must be construed liberally, they are nonetheless properly dismissed *sua sponte* when the claims are patently frivolous." *Jean-Baptiste v. DOJ*, No. 23-cv-1054, 2023 WL 336770, at *1 (D.D.C. May 31, 2023).[1]

Celestin's complaint is plainly frivolous to the point of depriving this Court of jurisdiction. Her allegations of celebrities conspiring against her, resulting in a "campaign of surveillance and

---

[1] In this case, defendants have moved to dismiss on this ground.  *See* ECF No. 43.

2

harassment," is "similar to those in a number of cases that district courts have dismissed for patent insubstantiality." *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see also Christian v. United States*, No. 22-cv-3742, 2023 WL 122273, at *1 (D.D.C. Jan. 4, 2023) (involving allegations of "wrongdoing by . . . celebrities"). This case meets the same fate.

It is therefore **ORDERED** that the case is **DISMISSED** for lack of jurisdiction.

The Clerk is directed to terminate this case.

This is a final appealable order.

DATE: July 31, 2024

_____
CARL J. NICHOLS
United States District Judge